## ULSTER COUNTY COURT.

THE COMMISSIONERS FOR LOANING CERTAIN MONEYS OF THE
UNITED STATES, of the county of Ulster, agt. PETER VAN
DEMARK and wife, and others.

*Loan commissioners*, of the United States deposit fund, are restricted to the *fees and disbursements* prescribed by the act itself.

They cannot be allowed *costs to be taxed*, under the Revised Statutes for the services of an attorney in conducting the foreclosure and sale of a mortgage given to them as such commissioners.

*October, Term*, 1868.

THE mortgage foreclosed in this proceeding, was executed to the commissioners by Van Demark and wife, October 31st, 1851. The interest not having been paid in October, 1867, a sale of the mortgaged premises was regularly made by the commissioners in February, 1868. The purchaser at that sale having failed to comply with the conditions of sale and the requirements of the statute, the premises were again advertised and a re-sale made on the 11th day of September, 1868. On this sale the premises were sold for $1,605. The amount due on the mortgage, including the amount the commissioners are authorized to retain by the provisions of the statute, entitled "of the United States Deposit Fund," was $523, leaving a surplus of $1,082.

The commissioners now present a bill of costs amounting to $40.80, under title 5 of chap. 10 of the 3d part of the Revised Statutes, being for services of an attorney in conducting the two foreclosures, and move to have the same taxed and allowed out of the surplus.

The mortgagor having died, his heirs at law oppose the motion. The items claimed are conceded to be correct, if costs can be allowed at all.

P. CANTINE, *one of commissioners, for motion.*
R. BERNARD, *opposed.*

SCHOONMAKER, County J. It is urged in behalf of the commissioners on this motion, that the fees allowed by the statute under which the loan commissioners act, are intended to compensate the commissioners themselves as publis officers; and that there is nothing in that statute inconsistent with the employment of an attorney and his payment out of the proceeds of the property, according to the fee bill in the general statute. It is also urged, that the latter statute by its terms, is as properly applicable to foreclosures by loan commissioners, as to any others. It is quite evident that the fees referred to are intended to compensate the commissioners for their official services; but it by no means follows that any additional sum can be charged against the mortgagor and taken out of his property.

The provisions of the general statute are as follows: "The costs and expenses of foreclosing *any mortgage by advertisement,* shall be taxed," &c. (3 *Rev. Stat.,* 5th ed., *p.* 932, § 3.)

"In the taxation of such costs and expenses, the following allowances *only* shall be made," specifying the items. *(Id.* § 4.)

If the loan law contained no provision for fees or costs, there would be no difficulty in applying the above sections to foreclosures under that law. But if the allowances authorized by the sections quoted are taxable in loan foreclosures, they exclude any other allowance. The provision is "the following allowances *only* shall be made." The loan law contains no provision that the allowances therein authorized shall be in addition to any other fees or allowances, provided by law. If the bill of costs proposed should be taxed, the commissioners would be limited to that sum, and no other allowance could be made.

As other fees are specfically authorized, it would seem clear

NEW YORK PRACTICE REPORTS. 147

Commissioners, &c. of Ulster Co. agt. Van Demark.

that this act could not have been intended to apply to loan foreclosures.

But I think an examination of the loan law can leave no doubt, that the legislature intended to provide for these cases a system of proecedure and a fee bill complete and exclusive in themselves.

The commissioners are public officers. They foreclose, as such officers, the mortgages given to them. It is part of their duty. And it is fair to presume, that they should be competent to perform their ordinary official duties—the sole duties for which they are appointed—without legal aid.

The argument of the necessity for an attorney's services on account of the difficult character of the proceeding has, therefore, no force. The difficulties are not in the duties; but in the incompetency of the official.

By section 15 of the act entitled "of the United States Deposit Fund" as amended by chap. 73 of the laws of 1863, the commissioners in case of a sale of any lands mortgaged to them by virtue of that act, are authorized to retain in their hands out of the moneys for which the lands are sold, besides the principal and interest, the amount of the disbursements paid out by them on account of the advertisements and sale, and on account of the fees paid for searches and taking affidavits and their compensation for serving said advertisements, and the sum of five dollars for their services in preparing the notices of such sale and superintending the same. By section 3 of the act of 1863 before cited, the commissioners are entitled to include in the expenses of the sale, the fees which they shall necessarily pay for searches of records in any office, and for the taking of said affidavits, and the sum of one dollar for the service of each and every advertisement *served by them or in their behalf* in any one foreclosure; *provided* however that the *costs of such service* shall not in any one forclosure exceed the sum of *ten dollars*.

By section 33 of the aforesaid loan act (the section under which the sale in question was made) the mortgagor under

certain circumstances is authorized to redeem by paying to the commissioners the principal and interest "and costs and charges of forclosure *as presrcibed by this act,* together with the charges of advertising the same," and (as added in the amendatory act of 1863 before cited) "the fees paid for searches and for taking affidavits and the compensation of the said commissioners for serving such advertisements."

Section 39, as amended by the act of 1863, provides that the money for which the mortgaged premises are sold, shall, on the sale, be paid to the commissioners, out of which they shall retain in their hands the principal and interest, of the mortgage debt "and also the expenses of the advertisements of sale and the fees paid for searches and taking affidavits, and their compensation for serving advertisements ; *and the remainder,* if any, the commissioners *shall pay to the mortgagor* his or her heirs or assigns."

And as if to make the legislative intent still more explicit, the same section contains this further provision :

"And on such sale the said commissioners shall retain in their hands *no more than the amount of the principal* then due on the mortgage, together with the interest which may have accrued thereon, and the fees paid for searches and taking affidavits and their compensation for serving said advertisements ; and if any excess over and above the principal, interest and *costs aforesaid,* shall have been paid to the said commissioners under the provisions of this section, the comptroller is hereby authorized and required to cause such excess to be refunded to the mortgagor, his or her heirs or assings.'

It is very evident to my mind from the foregoing provisions of this statute, that the commissioners are restricted to the fees and disbursements prescribed by the act itself, and that the fee bill in the general act does not apply to these foreclosures. If the commissioners should retain more than the sum prescribed in this act, it would be the duty of the comptroller to cause the excess so retained, to be refunded to the mortgagor. The minuteness and particularity

Commissioners, &c. of Ulster Co. agt. Van Demark.

with which the costs to be charged are repeatedly specified, and the prohibition against retaining any more than the items so specified, show plainly, that the legislature intended to leave the matter in no uncertainty, but to fix definitely the costs to be charged and that there should be no possibility to claim additional costs by implication or construction. If loan commissioners deem the fees allowed them by the statute for forclosure, inadequate, the legislature must be appealed to for relief.

Under these views of the law, the costs presented in this matter cannot be taxed, and the whole bill is therefore disallowed.